■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OLIVO, Appellant.—Judgment of the Supreme Court, Bronx County (Ivan Warner, J.), rendered May 18, 1984, which convicted defendant of robbery in the first degree and second degree and sentenced him to concurrent, indeterminate terms of imprisonment of from 10 to 20 years and from 7½ to 15 years, respectively, is unanimously affirmed.

Judgment of the Supreme Court, Bronx County (George I. Covington, J.), rendered May 18, 1984, which convicted defen-

dant of two counts of robbery in the first degree, one count of robbery in the second degree, one count of unlawful imprisonment in the first degree, two counts of criminal possession of a weapon in the fourth degree, one count of criminal possession of stolen property in the second degree, and one count of unauthorized use of a vehicle in the second degree and sentenced him to concurrent, indeterminate terms of imprisonment of from 11 to 22 years on both counts of robbery in the first degree, 7½ to 15 years for robbery in the second degree, 2 to 4 years for unlawful imprisonment, one year for both weapon possession counts, 2 to 4 years for possession of stolen property, and 2 to 4 years for unauthorized use of a vehicle in the second degree, is unanimously modified, on the law, to the extent of reducing the conviction for unauthorized use of a vehicle in the second degree to unauthorized use of a vehicle in the third degree and reducing the sentence on that count from 2 to 4 years' imprisonment to one year's imprisonment, and the judgment is otherwise affirmed.

Inasmuch as defendant was indicted, *inter alia,* for unauthorized use of a vehicle in the third degree but convicted of a crime higher than that charged in the indictment, the conviction for unauthorized use of a vehicle in the second degree was clearly erroneous. Therefore, we modify defendant's conviction on this count to conform to that for which he was indicted and reduce his sentence to a definite sentence of imprisonment of one year. We find defendant's other points to be without merit and, therefore, the judgment is otherwise affirmed. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.